NO. 07-01-0435-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



FEBRUARY 21, 2002


______________________________



ANTONE RICHIE




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 180th DISTRICT COURT OF HARRIS COUNTY;



NO. 857,644; HON. LARRY FULLER, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J. QUINN, and REAVIS, JJ.

 Antone Richie appealed, on May 24, 2001, his conviction for possession of a
controlled substance. Eventually, the clerk's record was filed October 17, 2001 and the
reporter's record on November 27, 2001. These circumstances, when applied to the
pertinent rule of appellate procedure, required that appellant file his brief by December 27,
2001. He did not. On January 9, 2002, we informed appellant, by letter, of the December
27th deadline and directed him to explain why he did not comply with same. So too did we
inform him that the cause would be abated pursuant to Texas Rule of Appellate Procedure
38.8(b) if such a response was not forthcoming within ten days. The response received
consisted of a motion to extend the deadline. Same was granted, and the deadline was
extended to February 13, 2002. Like its predecessor, that date also lapsed without
appellant complying with it or otherwise contacting the court and explaining why his
appellant's brief was not filed.

 Consequently, we abate this appeal and remand the cause to the 180th District
Court of Harris County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be served upon the parties and, thereafter,
conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and,


 whether appellant has been denied the effective assistance of counsel due
to counsel's failure to timely file a brief. See Evitts v. Lucey, 469 U.S. 387,
394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an
indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief). 


 The trial court is further ordered to execute findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
also direct it to appoint new counsel to assist appellant in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel appointed to represent appellant must also be included in the court's findings of
fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law, and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record reporter's record to be filed with the clerk of this court on or before March 25, 2002. 
Should additional time be needed to perform these tasks, the trial court may request same
on or before March 25, 2002.

 It is so ordered.

 Per Curiam



Do not publish. 



r of Texas identification number of the attorney
appointed.


 5. Whether appellant has been deprived of a diligent appeal by ineffective
assistance of counsel or for any other reason.


 6. If any other orders are necessary to ensure the diligent and proper
pursuit of appellant's appeal.


 In support of its determinations, the trial court will prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. Those supplemental records shall be submitted to the clerk of this court
no later than March 7, 2001.

 It is so ordered. 

 Per Curiam

Do not publish.